FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA** 2011 NOV -3 PM 4:02

US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO, FLORIDA

**CASE NO.:** 6:11-CV-1760-ORL-31 KRS

**MICHELLE SKINNER**
**Plaintiff**

**vs.**

**LEGAL ADVOCACY CENTER OF CENTRAL FLORIDA, INC. and COMMUNITY LEGAL SERVICES OF MID-FLORIDA, INC.,**
**Defendants.**

_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MICHELLE SKINNER ("Plaintiff"), and hereby sues the above Defendants, **LEGAL ADVOCACY CENTER OF CENTRAL FLORIDA, INC. AND COMMUNITY LEGAL SERVICES OF MID-FLORIDA, INC.**, Florida Non-Profit Corporations ("Defendants"), and states as follows:

### Jurisdiction and Venue

1. This is an action for damages by Plaintiff against her former employer for violations of the Family Medical Leave Act, 29 U.S.C. Section 2601, *et. seq;* The Court has jurisdiction over these claims under the doctrine of federal question. Venue is proper in this Court under Rule 1.02(c) of the Local Rules of the Middle District of Florida.

### Parties and Factual Allegations

2. Plaintiff, MICHELLE SKINNER, is an individual *sui juris* currently residing in Orange County, Florida, and who at all times relevant to this action, was employed by the Defendants in Defendants' business located in Seminole County, Florida.

3. Defendants, **LEGAL ADVOCACY CENTER OF CENTRAL FLORIDA AND COMMUNITY LEGAL SERVICES OF MID-FLORIDA** are Florida Non Profit Corporations doing business in Seminole County, Florida. At all times relevant to this action Defendants were a joint entity in as much as they shared the same human resources department, Board of Directors, and office space. Consequently, Defendants are employers within the meaning the Family Medical Leave Act.

4. At all times relevant to this action Plaintiff was an eligible employee within the meaning of the Family Medical Leave Act ("FMLA).

5. Plaintiff was employed by Defendants as a Staff Attorney from approximately from July 31, 2008 through November 3, 2009.

6. During her employment with Defendants, and at all times relevant hereto, Plaintiff performed her job competently and was qualified for her position. She received complementary comments from her co-workers, supervisor and clients.

7. On or about July 1, 2009, Plaintiff wrote a very detailed email to her supervisor, Mary Raspet ("Raspet"), following a disturbing incident where Raspet embarrassed and surprised Plaintiff with accusations from Plaintiff's former legal assistant. These false accusations were made in the presence of a co-worker.

8. Plaintiff had previous work performance issues with the above-mentioned legal assistant and was unaware that complaints were being made to Raspet by this assistant in retaliation for Plaintiff's complaints of the assistant's constant disruptions and work related mishaps.

9. From that time forward, Raspet became upset that Plaintiff put her complaints in writing and asked her not to do anymore. Further, Raspet became increasingly hostile toward Plaintiff.

10. Plaintiff verbally and expressly complained to Defendants' Human Resource Department, regarding the retaliatory and discriminatory behavior towards Plaintiff. Shortly thereafter, Raspet, began retaliating against Plaintiff by continually and unjustly berated her in the presence of third parties.

11. The hostile work environment that Plaintiff was subjected to escalated to the extent that on September 17, 2009, Plaintiff goes to the doctor after experiencing physical manifestations of Defendants' discriminatory and hostile treatment towards her. The doctor recommended Plaintiff to take a medical leave of absence; consequently, Plaintiff takes appropriate steps with Defendant to take medical leave under FMLA.

12. While on leave, Raspet was intercepting Plaintiff's emails; questioning co-workers about her medical condition and work; threatening co-workers to not speak to her; had one of the attorneys in the office call her cell phone during the time she was on leave; and blocked Plaintiff's access to the terminal server.

13. Plaintiff returned to work from her medical leave on October 13, 2009 and was immediately greeted with "What are you doing here? " by Raspet.

14. The terms and conditions of her employment prior to exercising her rights under FMLA were adversely changed, including but not limited to: permanently taking away the majority of Plaintiff's caseload, taking away Plaintiff's office, intercepting Plaintiff's emails and intentionally denying her access to work files.

15. Plaintiff had meetings with her supervisor after she returned from FMLA leave that were unpleasant and her supervisor even referenced the health issues that caused Plaintiff to need FMLA protection.

16. Plaintiff continued to seek help from the Defendants' Human Resource Department regarding the discriminatory, hostile and retaliatory treatment she was experiencing. to no avail. They did nothing to help her.

17. At all times relevant to this action Defendants had an employee handbook that dictates how they should commence termination proceedings.

18. Contrary to the termination policy expressly written by Defendants, Plaintiff was terminated exactly *three weeks* after she returned from her medical leave and given no specific reason. Prior to her termination, she was never afforded the protocols in the employee handbook, in violation of Defendants' policies and procedures regarding discipline and termination.

19. Plaintiff has exhausted her administrative remedies and has met all administrative prerequisites for bringing this action.

20. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination and retaliation against the Plaintiff, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

21. Plaintiff will retain an attorney to represent her in this matter and will be obligation to pay reasonable attorney's fee for services

**WHEREFORE,** Plaintiff demands judgment against Defendants for the following:

a. That Plaintiff be awarded back pay, front pay, general and compensatory damages, including emotional distress damages;
b. punitive/treble/liquidated damages;
c. pre-judgment and post-judgment interest;
d. reasonable attorney's fees and cost; and,
e. such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this *3rd* of *November*, 2011.

Michelle Skinner
PO Box 720206
Orlando, Florida 32872-0206
(407)902-6555